UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.:  4:06 CR 97 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID HARRIS, | ) | |
| | ) | |
| Defendant | ) | ORDER |

This case arises from a four-count Indictment charging David Harris (hereinafter, "Defendant") with receiving and distributing child pornography by way of computer. Currently pending before the court is Defendant's Motion to Suppress evidence found on his computer regarding the child pornography charges (ECF No. 11). For the reasons set forth below, Defendant's Motion to Suppress is denied.

## I.  FACTUAL BACKGROUND

On November 7, 2004, America Online (hereinafter, "AOL") discovered and captured an e-mail attachment allegedly depicting child pornography which was being sent from a certain e-mail account to an unknown recipient. Upon capturing the e-mail attachment, AOL reported and sent the attachment to the National Center for Missing and Exploited Children, who turned it over to the

United States Immigration and Customs Enforcement (hereinafter, "ICE") authorities. Upon viewing the attachment in question, ICE Special Agent Gabriel Hagan (hereinafter, "Agent Hagan") determined that the depiction was that of child pornography. Subsequent to this determination, summonses were served upon AOL, and Time Warner Cable, "dba": Road Runner. These companies' records each pointed to Defendant's e-mail account as the source from which the child pornography was sent.

On January 21, 2005, Agent Hagan wrote an affidavit in support of an application for a search warrant for the e-mail account, "nkdpks@aol.com", and all other e-mail accounts associated with that account. The warrant was issued by United States Magistrate Judge Patricia A. Hemann, Northern District of Ohio, Eastern Division. Upon executing the search warrant on January 26, 2005, the Government did not find any stored files containing child pornography within Defendant's e-mail folders.

Agent Hagan then wrote a second affidavit in support of a wider-ranging search warrant, which was also issued by Magistrate Judge Hemann, on February 10, 2005. Agent Hagan's affidavit stated in relevant part, as follows:

> Your Affiant has reviewed the image titled "16047.10277.834465.jpg", which depicts genital-genital sexual intercourse between a minor and an adult male. The image contains what appears to be a pre-pubescent female from the waist down with her hand on an adult male's penis as it is being inserted into the pre-pubescent female's vagina.

(Affid. for Search Warrant, pg. 8, ¶22, ECF No. 11.) Magistrate Judge Hemann issued the warrant, finding that probable cause existed from Agent Hagan's affidavit in support of the application for

the warrant. After execution of the second warrant, Defendant was indicted on four counts of receiving and distributing child pornography.

## II.    LEGAL STANDARD

A search warrant is valid if there was probable cause for its issuance. *Groh v. Ramirez,* 540 U.S. 551, 557 (2004). A *prima facie* case need not be made for probable cause to exist. *United States v. Davidson,* 936 F.2d 856, 860 (6th Cir. 1991). Probable cause exists to issue a warrant if the affidavit in support sufficiently recites facts and circumstances indicating a "fair probability" that contraband or evidence of a crime will be located on the premises of the proposed search. *United States v. Grubbs,* 126 S. Ct. 1494, 1499 (2006). The standard applied in determining the sufficiency of an affidavit is a 'totality of the circumstances' test. *United States v. Garcia,* 983 F.2d 1160, 1167 (1st Cir. 1993).

In reviewing a magistrate judge's determination of probable cause, courts pay great deference to a magistrate's findings. *United States v. Leake,* 998 F.2d 1359, 1363 (6th Cir. 1993). A warrant must be upheld as long as the magistrate judge had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Id.*

## III.    LAW AND ANALYSIS

**A.    Defendant attacks warrant by challenging sufficiency of affidavit**

In his Motion to Suppress, Defendant argues that the evidence of child pornography was obtained pursuant to an invalid search warrant. Specifically, Defendant maintains that Agent Hagan did not state that the e-mail attachment depicted images of child pornography involving *real* minors or *real* children. (*See* Mot. To Suppress 5, ECF No. 11.)

    **1.    Defendant's reliance on *United States v. Syphers* is misplaced.**

Defendant relies on *United States v. Syphers,* 426 F.3d 461 (1st Cir. 2005), to support his argument that Agent Hagan's description of the minor depicted in the e-mail attachment was insufficient. In *Syphers,* the First Circuit indicated that in seeking a search warrant in a child pornography case that, an applicant should "provide a sufficiently specific description of the images to enable the magistrate judge to determine independently whether they probably depict real children." *Id.* at 466. In this case, Agent Hagan described the e-mail attachment depiction as that of a minor and an adult male. She then went into further detail in her affidavit, stating "[t]he image contains what appears to be a pre-pubescent female from the waist down." The court finds that this description by Agent Hagan describing the depiction in the e-mail attachment provided a sufficient basis for Magistrate Judge Hemann to independently determine that the e-mail attachment probably depicted a real child. Therefore, Agent Hagan's affidavit was sufficient under *Syphers*.[1]

### 2. Defendant misinterprets *Ashcroft v. Free Speech Coalition*.

Defendant argues that Agent Hagan's use of the phrase "appears to be a pre-pubescent female from the waist down" in her affidavit in support of the warrant is insufficient under *Ashcroft v. Free Speech Coalition,* 534 U.S. 234 (2002). In *Ashcroft*, the Supreme Court decided, in relevant part, that the former provision, 18 U.S.C. §2256(8)(B), of the Child Pornography Prevention Act was unconstitutional and overbroad in that it caused virtual child pornography to be illegal. The Court reasoned as follows:

---

[1] Defendant's reliance on *Syphers* is further eroded by the fact that that court interpreted the *Ashcroft v. Free Speech Coalition* 535 U.S. 234 (2002) decision as not requiring a new, heightened standard for obtaining a search warrant in a child pornography case. *Id.* at 466.

> Section 2256(8)(B) prohibits "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture" that "is, or appears to be, of a minor engaging in sexually explicit conduct." . . . The section captures a range of depictions, sometimes called "virtual pornography," which include computer-generated images, as well as images produced by more traditional means [pornography involving adults who look like minors]. The provision abridges the freedom to engage in a substantial amount of lawful speech. For this reason, it is overbroad and unconstitutional.

*Id.* At 241, 256. Thus, the court invalidated the previous version of 18 U.S.C. §2256(8)(B) on the basis that it was overbroad and unconstitutional.

Defendant argues that Agent Hagan's inclusion of the term "appears to be" in describing the e-mail attachment depiction in her affidavit in support of the search warrant automatically make the warrant and search based on those descriptions *per se* invalid. However, the *Ashcroft* decision only took issue with the use of the term "appears to be" when it was relied upon as the sole descriptive term in describing the presence of a minor in pornographic photo depiction. *Id.* at 256. In this case, Agent Hagan uses the term "appears to be a pre-pubescent female from the waist down" in conjunction with the preceding sentence "[y]our Affiant has reviewed the image . . . which depicts genital-genital sexual intercourse between *a minor* and an adult male." This use of the term "appears to be" does not run afowl of *Ashcroft* because it is not the sole descriptive term of the e-mail attachment depiction at issue. Agent Hagan's only uses the term "appears to be" to describe the type of minor involved.

Though Congress amended § 2256(8)(B) in an attempt to comply with the holding of *Ashcroft*, Defendant argues that the affidavit in this case would sweep into its ambit, conduct tool is unconstitutional. Defendant argues that Agent Hagan failed to sufficiently distinguish the "minor" or "real minor" or "actual minor" from a "virtual minor" in her affidavit and thus, her

- 5 -

affidavit was not sufficient to support the warrant. Agent Hagan's failure to use the term "real minor" in her description of the e-mail attachment depiction is inconsequential. *Ashcroft* does not hold that the phrase "real minor" must be used in order to sufficiently describe the presence of a minor in pornographic photograph. As discussed above, Agent Hagan's affidavit clearly and sufficiently describe the e-mail attachment as depicting a minor engaged in genital-genital intercourse with an adult male.

**B.     Magistrate Judge Hemann had a substantial basis for concluding that Agent Hagan's description of a minor demonstrated the probable cause necessary for the issuance of the search warrant.**

Even if Agent Hagan's use of the term "appears to be" and/or failure to include the term "real minor" in her affidavit was insufficient to support a conviction under § 2256(8)(B), there would still be probable cause for the search warrant at issue in the present case. A *prima facie* case need not be made for probable cause to exist. *Davidson,* 936 F.2d at 860. Therefore, Agent Hagan's description of a minor involved with an adult male in the e-mail attachment was sufficient to allow Magistrate Judge Hemann to independently determine that probable cause existed to issue the search warrant at issue in this case.

Probable cause exists to issue a warrant if the affidavit in support sufficiently recites facts and circumstances indicating a "fair probability" that contraband or evidence of a crime will be located on the premises of the proposed search. *Grubbs,* 126 S. Ct. at 1499. In the present case, Agent Hagan demonstrated her expertise with similar matters in her affidavit in support of the search warrant where she stated that she has been a Special Agent for 11 years and has directed and been involved in investigations involving the sexual exploitation of children. (*See* Affid. for Search Warrant, pg. 1, ¶1 ECF No. 11.) She further demonstrated in her affidavit, her knowledge of

computers and patterns of electronic storage of child pornography. (*See* Affix. for Search Warrant, pgs. 2–7, ¶¶ 5-20 ECF No. 11.)

Therefore, this court finds that there was probable cause for Magistrate Judge Hemann to issue the search warrant at issue in this case.

### III.     CONCLUSION

Agent Hagan's affidavit was sufficient to support the warrant issued.  Her affidavit clearly described a minor sexually involved with an adult male, which allowed Magistrate Judge Hemann to conclude that the minor was probably a real child.  Furthermore, Agent Hagan's inclusion of the phrase "appears to be" within her affidavit does not affect its sufficiency because the phrase was only used as a further description of the earlier statement indicating the e-mail attachment depiction was of child pornography. Additionally, Agent Hagan's failure to use the term "real minor" in her affidavit is inconsequential, since the *Ashcroft* case never required this phrase to be used in describing the presence of minors in pornographic photographs. Therefore, Agent Hagan's affidavit describing the presence of a minor within an e-mail attachment depicting child pornography in Defendant's e-mail account created sufficient probable cause for Magistrate Judge Hemann to issue the search warrant in this case.

For the reasons set forth above, Defendant's Motion to Suppress (ECF No. 11) is denied.

IT IS SO ORDERED.

                                                                                    /S/ SOLOMON OLIVER, JR.

UNITED STATES DISTRICT JUDGE

October 11, 2006